UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-60174-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS MICHAEL WHITE,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Thomas Michael White's Motion for Temporary Release to Halfway House due to Exigent Medical Circumstances, ECF No. [222] ("Motion"). The Government filed a Response in Opposition, ECF No. [224] ("Response"), to which Defendant filed a reply to the Response, ECF No. [225] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.     BACKGROUND**

On February 27, 2019, Defendant was sentenced to 168 months' imprisonment followed by three years' supervised release based on his conviction for conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 (Count I) and four counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts II – V). ECF No. [200].

On April 26, 2020, Defendant filed the instant Motion requesting that he be released from the Bureau of Prisons ("BOP") and placed in a halfway house until the current coronavirus ("COVID-19") pandemic subsides. ECF No. [222]. Defendant represents that he suffers from

medical issues, such as a collapsed lung and COPD, and that he at some point showed symptoms that "could be associated with the coronavirus." *Id.* at 2. However, Defendant has tested negative for the virus. *Id.* Defendant states that his conditions make him "subject to very severe complications were he to get infected with the virus." *Id.* Therefore, Defendant requests that the Court enter an Order "recommending to the Warden of FCI Coleman (Medium) or (Low) . . . that White be transferred to a BOP-approved halfway house where he shall be confined temporarily under community supervision until a date when the current medical crisis sufficiently subsides to warrant his transfer back to his regular BOP facility." *Id.*

In its Response, the Government opposes Defendant's request because he has not exhausted his administrative remedies with the BOP, and he has otherwise failed to show "extraordinary and compelling" circumstances to warrant the relief he requests. ECF No. [224]. In his Reply, Defendant asserts that release to a halfway house "still requires [him] to serve out his sentence but temporarily in a location where his life is not in serious danger[.]" ECF No. [225] at 2. Defendant's counsel states that he has not been able to "verify whether the medical information provided to [him] secondhand in fact is true, that is, White was diagnosed with a collapsed lung and COPD." *Id.* In his view, if Defendant actually has these diagnoses, it would support temporary release to a halfway house. *Id.* at 2-3.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 1,787,000 confirmed cases and over 104,000 reported deaths as of June 1, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates.

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated June 1, 2020).

In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons to move vulnerable inmates out of institutions and to home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. In addition, the Attorney General has made an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate and does not encourage indiscriminate release. *Id.* at 3.

## II. DISCUSSION

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Defendant requests that the Court make a recommendation to the Warden of FCI Coleman (Low) or (Medium) that he be transferred temporarily to a BOP-approved halfway house until the pandemic subsides. ECF No. [222]. Although he states that "it appears this Court has the power to make such a recommendation to the BOP," *id.* at 4, he cites no authority in his Motion for this proposition. The Court "has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." *United States v. Lovelace*, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 9, 2014) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons

shall designate the place of the prisoner's imprisonment.") and 18 U.S.C. § 3621(b)(5) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.")). *See also United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *1 n.1 (D. Conn. Apr. 8, 2020) (denying motion for "immediate transfer to a halfway house or, in the alternative, compassionate release" "insofar as it moves the court to order the BOP to designate a halfway house as the place of confinement where [defendant] would serve the remainder of his sentence" because the "court has no authority to direct the BOP as to how [defendant's] sentence is carried out"). Accordingly, the Court will liberally construe the Motion as one for relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>>
>> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

Accordingly,

> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-60184-CR, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020). Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted,

but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

As an initial matter, Defendant has failed to exhaust his administrative remedies with the BOP. The Motion makes no mention as to whether Defendant raised any COVID-19 claims with the BOP or attempted to exhaust his administrative remedies. Instead, it notes only that Defendant's counsel has written to the Warden requesting a status on Defendant's health but that he has not received a response. ECF No. [222] at 2. The failure to exhaust administrative remedies alone is a sufficient basis to deny the Motion. Nevertheless, even if Defendant had satisfied the exhaustion requirement, as explained below, he has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification or that extraordinary and compelling circumstances exist.

The applicable § 3553(a) factors include, among others: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed — (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). At the time of sentencing, the Court concluded that a term of imprisonment of 168 months was appropriate in this case in light of these § 3553(a) considerations. To date, Defendant has served only a fraction of that sentence. Moreover, aside from his alleged medical conditions, which Defendant does not support with documentation, Defendant has not provided any additional bases to persuade the Court that the sentence imposed should be modified based upon the factors set forth in § 3553(a). *See United States v. Post*, No. 15-cr-80055, 2020 WL 2062185, at *2 (S.D. Fla. Apr. 29, 2020) (noting "that much of the information that [the defendant] provide[d] in his Motion

was before the Court at the time of his sentencing," and the Court imposed an appropriate sentence considering this information); *United States v. Rodriguez-Orejuela*, No. 03-cr-20774, 2020 WL 2050434, at *7 (S.D. Fla. Apr. 28, 2020) (noting that, in weighing the sentencing factors, "the Court's analysis is virtually unchanged from thirteen years ago."). As such, the Court concludes that a modification of Defendant's sentence is unwarranted at this time.

Additionally, with regard to the "extraordinary and compelling reasons" test, Defendant is in his early sixties, he has "medical issues not detailed here," but which may include COPD and a collapsed lung, and he argues these conditions make him "subject to very severe complications were he to get infected with the virus." ECF No. [222] at 2. CDC guidance indicates that individuals with the following health conditions are at a higher risk of contracting severe illness due to COVID-19: people with moderate to severe asthma, people with chronic lung disease, people with diabetes, people with serious heart conditions, people with chronic kidney disease, people with severe obesity, people with chronic liver disease, people who are immunocompromised, people over the age of sixty five, and people who live in a nursing home or long-term care facility.[2] Defendant fails to provide medical documentation, reports or even to allege what treatments he is or is not receiving for them.

The Court is sympathetic to Defendant's health conditions and his concerns regarding COVID-19 outbreaks in prison facilities, and notes that certain of his alleged medical conditions — i.e., COPD— are risk factors that are designated in the CDC's guidance. However, the BOP website indicates that only one inmate and two staff members have tested positive for COVID-19

---

[2] *Groups at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020).

at FCI Coleman (Low) where Defendant is incarcerated.³ Defendant does not allege that he has been exposed to any individuals with COVID-19. Indeed, the Motion represents that he tested negative for the virus. ECF No. [222] at 2. Defendant also does not allege that current procedures in place or resources available at FCI Coleman are insufficient to protect him and other at-risk individuals. Likewise, Defendant does not allege that his health conditions are deteriorating. Moreover, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL 2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release."). Thus, Defendant has not met his burden that extraordinary and compelling reasons exist to support his request for transfer to a halfway house.⁴

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [222]**, is **DENIED**.

---

³ *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 2, 2020).

⁴ Because Defendant's Motion fails to establish any extraordinary and compelling circumstances warranting transfer to a halfway house, the Court does not need to address the final consideration of whether Defendant poses a danger to the safety of others or to the community under to § 3142(g).

Case No. 18-cr-60174-BB

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 2, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record