UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-60174-BB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS MICHAEL WHITE,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Thomas Michael White's Time-Sensitive Motion for Bond Pending Appeal, ECF No. [227] ("Motion"). The Government filed a Response in Opposition, ECF No. [229] ("Response"), to which Defendant filed a reply to the Response, ECF No. [231] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On February 26, 2019, Defendant was sentenced to 168 months' imprisonment followed by three years' supervised release, and ordered to pay restitution in the amount of approximately $1.94 million based on his conviction for conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 (Count I) and four counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts II – V). ECF No. [200]. On February 28, 2019, Defendant filed a notice of appeal of his final judgment of conviction and sentence. ECF No. [201]. On April 26, 2020, Defendant filed a Motion for Temporary Release to Halfway House due to Exigent Medical Circumstances,

requesting that he be released from the Bureau of Prisons ("BOP") and placed in a halfway house until the current coronavirus ("COVID-19") pandemic subsides. ECF No. [222] ("Temporary Release Motion"). In the Temporary Release Motion, Defendant represented that he suffers from medical issues, such as a collapsed lung and COPD, and that he at some point showed symptoms that "could be associated with the coronavirus." *Id.* at 2. However, Defendant tested negative for the virus. *Id.* Defendant stated that his conditions make him "subject to very severe complications were he to get infected with the virus." *Id.* On June 2, 2020, the Court denied the Temporary Release Motion. ECF No. [226].

On July 9, 2020, the United States Court of Appeals for the Eleventh Circuit notified the parties that it had scheduled oral arguments on Defendant's appeal for the week of October 26, 2020. ECF No. [227] at 1. Defendant now files the instant Motion seeking his release on bond pending the outcome of his appeal. He maintains that granting his requested relief "does not reduce his sentence by even one day. Rather, it serves only one reasonable objective: to increase the chances that [his] sentence of incarceration does not turn into a potential death sentence." *Id.* at 9. According to Defendant, another court in this district recently granted this same relief in a "strikingly similar" case, *United States v. Abovyan*, Case No. 18-cr-80122-DMM, ECF Nos. [310]; [316]; and [325]. In *Abovyan*, Judge Middlebrooks originally denied the defendant's motion for release on bond pending appeal, ECF No. [310], but later reconsidered this position due to "two changes in circumstances: first, the Eleventh Circuit has granted oral argument; and second, due to the increase of COVID-19 at FCI Miami" where the defendant was housed. Case No. 18-cr-80122-DMM, ECF No. [316]. That court also subsequently denied the Government's motion to reconsider the Order granting defendant's release from custody on bond pending the outcome of his appeal. Case No. 18-cr-80122-DMM, ECF No. [325].

Defendant maintains that his case is "analogous" to the *Abovyan* case and merits the same relief. He states that his health conditions include severe COPD, emphysema and other respiratory ailments, which health conditions place him at an increased risk of contracting COVID-19 according to CDC guidelines. ECF No. [227] at 5-6. He reports that he would reside with his elderly father (who recently became a widower) pending the outcome of his appeal, and he contends that "there is no reason to believe that [Defendant] would flee or pose a danger to the safety of any person or the community. The convictions are not for violent crimes nor do they involve controlled substances crimes," and he has two teenage children who reside in this district. *Id.* at 6. He adds that he fully complied with all conditions of his personal surety bond when he was released prior to his guilty verdict, and he has remained in custody with the BOP since then. *Id.* at 7 (citing ECF Nos. [11] and [158]). Defendant is currently housed at FCI Coleman Low, which facility currently has over 200 confirmed active cases of COVID-19.[1] The risk to the Defendant has sharply risen, given the dramatic increase in positive cases in the past 60 days. In fact, at the time the Court addressed the Defendant's Motion for Temporary Release to Halfway House, ECF No. [222], only one inmate and two staff members had tested positive for COVID-19 at FCI Coleman Low. *See* ECF No. [226] at 8-9.

In response, the Government opposes Defendant's request because (1) he fails to raise any substantial question of law that would likely result in reversal of his conviction or other relevant relief; (2) Defendant is a flight risk and a danger to the community; and (3) his health issues remain unchanged and do not present an extraordinary remedy for release him pending appeal. ECF No. [229]. In reply, Defendant asserts that the conditions at FCI Coleman Low have substantially

---

[1] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 5, 2020).

3

worsened since he filed the Temporary Release Motion, his documented health conditions include severe COPD, emphysema, and a collapsed lung, and he has been sent back and forth to Leesburg Regional Medical Center while in custody due to his medical issues. ECF No. [231] at 1-2. He has provided to the Government and the Court his medical records reflecting his recent one-week admission for sudden onset of pain due to a respiratory infection and a right collapsed lung. He has a history of emphysema. He contends that his appeal reflects a "substantial question" of law or fact given the scheduling of oral argument and the merits of his appeal, *id.* at 3-4, the Government fails to show that he is a flight risk or danger to the community, *id.* at 5-6, and his health conditions are significant and place him at an elevated risk of contracting a serious case of COVID-19. *Id.* at 6. He adds that the *Abovyan* case provides a "cogent analysis" in an "incredibly similar" scenario as here. *Id.* at 7. Defendant concludes that while the Court must weigh competing positions, should the Court deny the Motion, there is a greater chance that he will contract COVID-19 and die. *Id.* at 11-12. Indeed, he states that granting him the instant relief "just might save his life." *Id.* at 12.

## II. DISCUSSION

Title 18, United States Code § 3143(b), provides the criteria applicable to whether a defendant is entitled to be released from incarceration and post a bond while his or her appeal is pending. The statute directs as follows:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b). Defendant's convictions do not implicate the considerations of 18 U.S.C. § 3143(b)(2), which involve violent crimes, felonies providing for a maximum sentence of life imprisonment or death, and violations of the Controlled Substances Act. Accordingly, for Defendant to be released on bond pending the outcome of his appeal, he must satisfy the requirements of § 3143(b)(1). This requires him to show (1) by clear and convincing evidence that he is not a flight risk or danger to the community, and (2) his appeal raises a substantial question of law or fact that will likely result in an outcome favorable to him. The Eleventh Circuit defines a substantial question as

> one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis.

*United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

Upon review and consideration, the Court concludes that Defendant has carried his burden to be released pending the outcome of his appeal pursuant to 18 U.S.C. § 3143(b)(1). First, Defendant has demonstrated by clear and convincing evidence that he is not likely to flee and that he does not pose a danger to the safety of any other person or the community if he were to be released. During Defendant's pre-trial release, he complied with all conditions of his personal surety bond. While the Government stresses that Defendant "has every reason to flee this jurisdiction, abscond from justice, never to be seen again," the Court is unconvinced. Defendant has two teenage children, a sister, and an elderly parent that live in this district. Indeed, Defendant represents that until his incarceration, he lived with his two children, whom he purportedly raised as a single parent since they were toddlers. Further, Defendant states that his 90-year-old father, whose wife passed away over two weeks ago, has medical conditions including COPD and a leg infection, and Defendant intends to provide physical care and emotional support to his father while released. ECF No. [227] at 6-7.

The Court also notes that Defendant's criminal history occurred many years ago. As Defendant argues, the last recorded incident happened in September 2003. ECF No. [231] at 5. As such, those incidents are not highly probative of Defendant's current risk of flight or danger to the community. The Court certainly recognizes that Defendant's instant convictions involved serious criminal activity and the Defendant orchestrated an elaborate fraud scheme for several years. However, the Defendant's crimes were non-violent and the Government has not shown that Defendant is likely to recidivate or become a danger to the community if he is released. Defendant is 62-years old, he suffers from severe medical issues, his underlying criminal activity ended in 2014, his children live in this district, and the world is in the midst of a global pandemic. Although

these features do not eliminate the possibility that Defendant may attempt to flee or harm others, they militate heavily against that likelihood.

Second, Defendant has shown that his appeal is not for the purpose of delay and raises a substantial question of law or fact. This is especially so in light of the Eleventh Circuit's grant of oral argument on his appeal. As noted in the Motion, "[w]hen a case is set for oral argument in the Eleventh Circuit, the panel wants to talk to counsel for a reason. On average, the Eleventh Circuit has held oral arguments in just 13.2% of its cases over the last ten years and over the last five years that number has dropped to just over 10%." ECF No. [227] at 5 (quoting *Abovyan*, Case No. 18-cr-80122, ECF No. [325] at 4 (internal citation omitted)). Although Defendant may not ultimately prevail on his appeal, at least one member of the appellate screening panel believed that his appeal merited considering oral argument before rendering a decision. This factor is accorded significant weight when analyzing the second prong of § 3143(b)(1), just as it was in *Abovyan*. *See Abovyan*, Case No. 18-cr-80122, ECF No. [325] at 4 ("While I agree with the Government that [setting a case for oral argument] does not necessarily mean that a substantial question is presented, it at the least points in that direction."). The Government fails to persuade the Court why it should not follow the reasoning in *Abovyan* or why Defendant's appeal, which involves over 100 pages of his briefing alone, *see* ECF Nos. [227-4] and [227-5], and which is set for hearing, does not present a "close" question.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [227]**, is **GRANTED**.
2. Defendant shall be **RELEASED FROM CUSTODY** immediately on bond pending the outcome of his appeal.

3. The $200,000 personal surety bond entered on June 26, 2018, ECF No. [11], is reinstated with the following additional special conditions:

    Home Detention with Electronic Monitoring - Defendant shall participate in the Home Detention Electronic Monitoring Program until Defendant's appeal is decided. During this time, Defendant shall remain at the residence of Richard White in Stuart, Florida except for religious observances, medical appointments and other activities approved in advance and provided to the U.S. Probation Officer with requested documentation. Defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. Defendant shall wear an electronic monitoring device at all times and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. Defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

4. All previous conditions of bond imposed remain in full force and effect.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of record